IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SEAN MCDONALD                                                                              PLAINTIFF

     v.                                      Civil No.  14-5375

SHERIFF TIM HELDER;
NURSE RHONDA BRADLEY;
and DR. MULLINS                                                                        DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the East Arkansas Regional Unit of the Arkansas Department of Correction.  At the time relevant to this complaint, he was incarcerated in the Washington County Detention Center (WCDC).  While at the WCDC, Plaintiff contends his constitutional rights were violated when he was denied adequate medical care. Further, he contends he was put into "punitive" housing because of his need for medical care.

The case is currently before me for issuance of this report and recommendation on the motion to dismiss (Doc. 6) filed on behalf of the Defendants.  Plaintiff has not responded to the motion.

## I.  BACKGROUND

According to the allegations of the complaint, at the end of September 2014, Plaintiff was transported from the hospital to the jail.  The hospital had ordered a CT scan but the order was cancelled by the jail.

-1-

Plaintiff states he submitted over fifteen requests for medical treatment for his broken wrist/arm.  He alleges he was given no proper medical treatment by the Defendants for over a month.  Additionally, because he needed medical care, Plaintiff states he was housed in the "hole" under the same housing conditions as inmates being punished for rule violations.

Plaintiff states that on November 1, 2014, the jail contracted with a new medical care provider.  According to Plaintiff, he almost immediately was scheduled for an x-ray and a visit with an orthopedic doctor.  After examining the x-ray, the orthopedic doctor concluded major bone reconstruction was needed "at this late of a juncture." Doc. 1 at 8.

With respect to Sheriff Helder, Plaintiff alleges he has failed to provide the inmates with proper medical care.  Plaintiff asserts that the "common practice" was to ignore all medical requests as long as possible.  According to Plaintiff, over-the-counter medication such as Tylenol  or Ibuprofen was seen as a "cure all."  He also asserts that treatment was given for the symptoms of an ailment rather than the medical condition itself.

## II.  APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"   Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it

simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678; <u>see also Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### III. DISCUSSION

First, Defendants argue that no plausible individual capacity case has been stated against Sheriff Helder because he was not personally involved in the Plaintiff's medical care and treatment. Second, Defendants argue there is no plausible official capacity claim as there has been no allegation of an official policy, custom, or practice. Finally, Defendants argue Sheriff Helder is entitled to qualified immunity.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. <u>See Monell v. Department of Social Servs</u>, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." <u>White v. Holmes</u>, 21 F.3d 277, 280 (8th Cir. 1994); <u>see also</u> <u>Whitson v. Stone County Jail</u>, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); <u>Keeper v. King</u>, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation

-3-

of his constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (quoting Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006)).

There are no allegations that Sheriff Helder was involved in any way with the decision of what medical treatment Plaintiff should be given or where he was housed.  Plaintiff has not alleged that he spoke directly to the Sheriff regarding any of his grievances or complaints.  No plausible individual capacity claim has been stated against Sheriff Helder.  This finding makes it unnecessary to determine if Sheriff Helder would be protected by qualified immunity.

With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).   In other words, the official capacity claims are treated as claims against Washington County.  See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

To establish Washington County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom  was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir.2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir.2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir.1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir.2007).

Id. at 817-18.

To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whiteledge, 165 F.3d 1197, 1204 (8th Cir. 1999). In Johnson v. Douglas County Medical Dept., 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

Id., 725 F.3d at 828 (citations omitted).

Plaintiff alleges that it was the custom or practice of the medical staff to ignore requests for medical treatment as long as possible, to give over-the-counter prescriptions as a cure all, to not provide the medical care ordered by other medical care professionals, to only address the symptoms and not the underlying condition, and to house inmates in need of medical care in punitive conditions.

I believe Plaintiff's allegations have stated a plausible official capacity claim against Sheriff Helder. He has alleged these customs or practices were the moving force behind his denial of medical care claim.

-5-

## IV.  CONCLUSION

For the reasons stated, I recommend that the motion to dismiss (Doc. 6) be granted in part and denied in part.  Specifically, it should be granted with respect to the individual capacity claims against Sheriff Helder.  In all other respects, the motion should be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of July 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-

AO72A
(Rev. 8/82)